IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY BAIER,                          :
                                     :
        Plaintiff,                   :
                                     :        No. 4:07-CV-2236
        v.                           :
                                     :        (McClure, J.)
JERSEY SHORE STATE BANK,             :
                                     :
        Defendant.                   :

**MEMORANDUM**

October 29, 2009

**BACKGROUND:**

Before this Court are two motions in limine filed by defendant Jersey Shore

State Bank ("JSSB" or the "Bank").  JSSB's first motion seeks to exclude the

testimony of Baier's psychologist and psychiatrist as expert witnesses and any of

Baier's medical records.  (See Rec. Doc. No. 35).  The Bank's second motion seeks

"to exclude all findings of the Unemployment Compensation Review Board and

the subsequent decision of the Commonwealth Court, as well as any briefs

submitted by the parties in these proceedings . . . ."  (Rec. Doc. No. 40).

Pursuant to this Court's memorandum and order dated August 31, 2009

(Rec. Doc. No. 48), summary judgment was granted in favor of the defendant and

against the plaintiff as to the plaintiff's only claim, as well as to Count I of the

defendant's counterclaim as to liability. The defendant's motion for summary judgment was denied as to Counts II, III, and IV of the defendant's counterclaim.

In light of our August 31, 2009 memorandum and order, we will grant both of defendant's motions in limine. The evidence that the defendant seeks to exclude with these motions is irrelevant to the defendant's counterclaims, which are the only remaining claims before this Court. This evidence is irrelevant because it pertains to the plaintiff's claim and the damages relating to that claim, a claim that was disposed of by this Court's memorandum and order dated August 31, 2009.

Therefore, we will grant both of the defendant's motions in limine, as the evidence is irrelevant to the defendant's counterclaims and should be precluded at trial. This Court has not considered any other reasons, proffered by the defendant, as to why the evidence at issue should be precluded.

**CONCLUSION:**

In light of the foregoing, defendant's motions in limine (Rec. Doc. Nos. 35 and 40) will be granted.

        s/ James F. McClure, Jr.
        James F. McClure, Jr.
        United States District Judge

IN THE UNITED STATES DISTRICT COURT

2

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARY BAIER,                          :
                                     :
        Plaintiff,                   :
                                     :        No. 4:07-CV-2236
        v.                           :
                                     :        (McClure, J.)
JERSEY SHORE STATE BANK,             :
                                     :
        Defendant.                   :


**O R D E R**

October 29, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1.      Defendant's motions in limine (Rec. Doc. Nos. 35 and 40) are

granted.

2.      Plaintiff is precluded at trial from presenting testimony from Baier's

psychologist and psychiatrist and from introducing into evidence her medical

records.


                            s/ James F. McClure, Jr.
                            James F. McClure, Jr.
                            United States District Judge